IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOAZ RAZ,

     Plaintiff,

v.                                      Civ. No. 15-966 KG/WPL

STATE OF NEW MEXICO,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Defendant State of New Mexico's Motion to Dismiss the Amended Complaint ("Motion to Dismiss"), filed on November 25, 2015, (Doc. 12); Plaintiff's Response to the State of New Mexico's Motion to Dismiss Amended Complaint ("Response"), filed on December 17, 2015, (Doc. 16); and the State of New Mexico's Reply Memorandum in Further Support of its Motion to Dismiss Amended Complaint ("Reply"), filed January 4, 2016.  (Doc. 17).  Also before the Court is Plaintiff's Motion for Leave to File a Sur-reply Memorandum ("Motion for Leave to File Surreply"), filed January 7, 2016, (Doc. 21); and Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Sur-reply Memorandum, filed January 10, 2016.  (Doc. 22).  Having reviewed both motions, the parties' briefs, and relevant law, the Court DENIES Plaintiff's Motion for Leave to File Surreply and GRANTS Defendants' Motion to Dismiss.

**I.     Background**

This case stems from a domestic relations matter before the New Mexico Second Judicial

District Court ("Second Judicial District Court").  In his Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Amended Complaint"), Plaintiff Boaz Raz ("Plaintiff") alleges that, in the course of the state court proceedings, the Second Judicial District Court ordered him to continue operating and working for his business, SecurityUSA, despite the fact that the company is losing money and does not have sufficient income to meet all of its obligations. (Doc. 6) at 5–6.  As a result, Plaintiff states that he has been forced to continue to work for SecurityUSA, without income, for the benefit of his ex-wife.  *Id*. at 6.  By forcing Plaintiff to do so under threat of incarceration, Plaintiff claims that the Second Judicial District Court is forcing Plaintiff into involuntary servitude, in violation of his rights under the Thirteenth Amendment. *Id*.  Plaintiff asks this Court to "end the court order which forces [Plaintiff] to work for free at Security[USA]" and to order Defendant State of New Mexico ("Defendant") to pay him compensatory and punitive damages, and attorney's fees and costs.  *Id*. at 7.  Plaintiff is proceeding *pro se*.

Defendant then moved to dismiss the Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 12).  As grounds, Defendant argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claims and that, even if this Court did have jurisdiction it should abstain from asserting it.  *Id*. at 5–12.  In addition, Defendant argues that the Amended Complaint otherwise fails to state a claim upon which relief can be granted.  *Id*. at 13.  In response, Plaintiff urges that this Court has jurisdiction to hear his civil rights claim, and that his claim is adequately pled.  (Doc. 16) at 3–4.

Subsequently, Plaintiff filed his Motion for Leave to File Surreply, requesting leave to file a surreply to Defendant's Reply, which raised new arguments.  (Doc. 21).  Defendant opposes the Motion to for Leave to File Surreply.  (Doc. 22).

## II.      Standard of Review

### A.  *Rule 12(b)(1)*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a lawsuit for lack of subject matter jurisdiction.  "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995)).  Where a Rule 12(b)(1) motion constitutes a facial attack on the allegation of subject matter jurisdiction contained in the complaint, courts presume all of the factual allegations contained in the complaint to be true.  *Id*.

### B.  *Rule 12(b)(6)*

In reviewing a Rule 12(b)(6) motion asserting a failure to state a claim upon which relief can be granted, a Court must accept all well-pleaded allegations as true and must view them in a light most favorable to the plaintiff.  *Zinermon v. Burch,* 494 U.S. 113, 118 (1990).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a 12(b)(6) motion to dismiss, a complaint does not need to include detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

While the Tenth Circuit requires that pleadings filed by *pro se* litigants be held to a less stringent standard than that of a lawyer, this District has long insisted that pro se parties follow the same rules of civil procedure as any other litigant.   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Nor are the courts to act as advocates for *pro se* parties.  *Hall*, 935 F.2d at 1110.

### III.   Discussion

#### A.   Motion for Leave to File Surreply

As an initial matter, Plaintiff asks this Court to grant him leave to file a surreply, which addresses arguments in Defendant's reply brief.  (Doc. 21) at 1.

In this District, "[t]he filing of a surreply requires leave of the Court."  D.N.M.LR-Civ. 7.4(b).  "A surreply is appropriate and should be allowed where new arguments are raised in a reply brief."  *Walker v. THI of New Mexico at Hobbs Center*, No. CIV 09-0060 JB/KBM, 2011 WL 2728344, at *1 (D.N.M. July 6, 2011) (internal citation omitted).

Plaintiff states that he wishes to address certain arguments Defendant raised for the first time in its Reply.  Plaintiff emphasizes that his "complaint is about rights afforded [to him] under the 13th Amendment, my freedom from slavery and involuntary servitude and not about my divorce or its outcome."  (Doc. 21) at 1.  However, Plaintiff fails to identify any argument Defendant made for the first time in its Reply.  Indeed, Plaintiff already clarified his claims, using language almost identical to the language quoted above, in his Response.  (Doc. 16) at 3.  As a result, to allow a surreply would be inappropriate.  Therefore, the Court will DENY Plaintiff's Motion for Leave to File Surreply.

B.   *Motion to Dismiss*

Defendant argues that this Court should dismiss the Amended Complaint with prejudice because it lacks subject matter jurisdiction and otherwise fails to state a claim upon which relief can be granted.  The Court will address each argument in turn.

1.   *Dismissal for Lack of Jurisdiction*

Defendant first argues that the Court should dismiss Plaintiff's Amended Complaint with prejudice for lack of subject matter jurisdiction on several grounds, including the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and sovereign and judicial immunity. Defendant contends that Plaintiff essentially asks this Court to supersede an order of the Second Judicial District Court, and that this Court lacks subject matter jurisdiction to hear the claim or grant the requested relief.  To the extent Plaintiff does allege such a claim, the Court finds dismissal is proper in accordance with the *Rooker-Feldman* doctrine and, thus, the Court need not address Defendant's alternative contentions.

The *Rooker-Feldman* doctrine applies in scenarios where the federal plaintiff seeks appellate review of a state court judgment.  The doctrine bars lower federal courts from hearing claims that were either (1) actually decided by a state court or (2) "inextricably intertwined" with a prior state court judgment.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).  In contrast, where a plaintiff is not attacking a state court judgment itself, the *Rooker-Feldman* doctrine does not apply.  *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169–71 (10th Cir. 1998).  For example, "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of

5

preclusion." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005) (internal quotation omitted).  Therefore, the crucial inquiry for this Court is whether Plaintiff is attacking a claim either (1) already decided by the Second Judicial District Court, (2) "inextricably intertwined" with that decision, or (3) whether Plaintiff presents "some independent claim" to be addressed anew by this Court.

Plaintiff urges in his Response that his claims have "nothing to do with my divorce proceeding," and that the Amended Complaint asserts civil rights claims.  (Doc. 16) at 3.  Yet, he asks this Court to reverse the Second Judicial District Court Decision.   Plaintiff's civil rights claims are certainly independent claims that this Court will consider below.  However, to the extent Plaintiff seeks review of the "bona fides" of the decision in the state court proceeding, those claims are barred by the *Rooker-Feldman* doctrine, and are dismissed with prejudice.

### 2.   Dismissal for Failure to State a Claim

Defendant further argues that Plaintiff fails to state a claim for involuntary servitude under the Thirteenth Amendment, pursuant to 42 U.S.C. § 1983.  Plaintiff continues to emphasize that the State of New Mexico has violated his civil rights.

 Here, Plaintiff has sued the State of New Mexico under § 1983 for violating his right to be free from involuntary servitude under the Thirteenth Amendment.  However, "a cause of action under [S]ection 1983 requires the deprivation of a civil right by a 'person' acting under color of state law. *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing 42 U.S.C. § 1983 *and Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999)).  "The Supreme Court held in *Will [v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)] 'that neither a State nor its officials acting in their

official capacities are "persons" under § 1983.'"  *Id.*  Having only sued the State of New Mexico, Plaintiff has failed to state a claim against a person covered by § 1983.  *Id.*

Even if the Court were to construe Plaintiff's Amended Complaint as alleging the claim against the Second Judicial District Court, that claim would also fail.[1]  Indeed, "'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes."  *Id.* (citing *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995), *superseded by statute on other grounds, Knox v. Bland*, 32 F.3d 1290, 1292 (10th Cir. 2011)). As a result, to the extent Plaintiff alleges claims against the Second Judicial District Court, those claims must be dismissed.  *Romanik v. First Judicial District Court*, No. CV 11-0138 JP/WDS, at *2 (D.N.M. Feb. 18, 2011) (dismissing with prejudice claims against New Mexico state court on grounds that state court was not person under Section 1983).

Because Plaintiff's Amended Complaint fails to state a claim against a person covered by Section 1983, the Court will dismiss Plaintiff's Complaint with prejudice.  *Zapata v. Porter, et al.*, No. CIV-06-0952 MCA/KBM, at *3 (D.N.M. Nov. 6, 2006) (dismissing Section 1983 claims against State with prejudice and without opportunity to amend), *aff'd*, No. 06-2334, at *6–7 (10th Cir. Oct. 24, 2007).

### IV.    Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion for Leave to File a Sur-reply Memorandum, (Doc. 21) be

    DENIED;

(2)  the State of New Mexico's Motion to Dismiss the Amended Complaint, (Doc. 12),

    be GRANTED; and

---

[1] Plaintiff does not allege claims against, or specifically mention in the Amended Complaint, an individual state court judge.

(3) Plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE